# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

HEATHER CRUSENZA,
    Plaintiff,

    v.

TOWNSHIP OF AURELIUS; DAVID
DROSCHA, sued in his official and
personal capacities; BETHANY WALTER,
sued in her official and personal
capacities; and AMBER KENNY-
HINOJOSA, sued in her official and
personal capacities,
    Defendants

_____/

Case No.: 26-cv-2239
Honorable _____

**COMPLAINT**
**JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

---

## COMPLAINT

NOW COMES Plaintiff HEATHER CRUSENZA, by counsel, and complains unto the Court as follows—

### INTRODUCTION

1.    This case concerns a municipality's attempt to use a zoning judgment entered against one person to enter land owned by another person and seize personal property belonging to that nonparty, even though no ordinance prohibits the property's continued presence or lawful storage.

2.    Plaintiff Heather Crusenza owns real property located on West Columbia Road in Aurelius Township. She also owns a travel trailer located on that property and has owned the trailer at all relevant times.

3.    Heather is the adult daughter of Betty Argersinger.

4.    Betty formerly owned the West Columbia Road property.

1

5.      After the former Township code-enforcement officer repeatedly entered the Columbia Road property without a warrant or consent to investigate Heather's trailer, Betty and John Argersinger filed a federal civil-rights action against Defendant Township of Aurelius.

6.      That action resulted in a Consent Judgment entered by this Court in *Argersinger v. Township of Aurelius*, Case No. 1:25-cv-879.

7.      The Consent Judgment prohibits the Township and its officials from entering the West Columbia Road property for inspection or enforcement purposes without a judicial warrant, constitutionally sufficient consent, or a recognized exception to the Fourth Amendment's warrant requirement.

8.      The Consent Judgment further prohibits Defendants from retaliating in any manner or form because the Argersingers brought, prosecuted, maintained, or prevailed in the federal action.

9.      Those protections are expressly property-based, run with the land, extend to successors and future occupants, and authorize each successor to enforce the anti-retaliation provision as though that successor were a plaintiff in the original federal action.

10.     On June 30, 2026, Betty conveyed the West Columbia Road property to Heather.

11.     Heather is now the owner and lawful possessor of the property and is an expressly protected successor under the Consent Judgment.

12.     After entry of the Consent Judgment, the Township continued a municipal-civil-infraction action in the Michigan 55th District Court against Betty alone.

13.     The citation charged Betty with using or allowing Heather's trailer to be used as a dwelling.

14.     The 55th District Court interpreted the applicable ordinance as prohibiting use of the trailer as a dwelling unit and ruled against Betty.

15.     The court did not find that the ownership, possession, parking, or storage of the trailer was independently prohibited by any Township ordinance.

16.     The Township has identified no ordinance that prohibits Heather from storing her trailer on her own property when it is not being used or occupied as a dwelling.

17.     Nevertheless, the Township requested that the state court require physical removal of the trailer.

18.     The Township pursued that relief despite knowing that Heather owned the trailer, that Heather had become the owner of the land, that Heather was not a party to

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

the municipal-infraction action, and that no ordinance independently prohibited lawful storage of the trailer.

19.     The state court ordered Betty to remove Heather's trailer from Heather's land within thirty days and authorized the Township, upon *Betty's* failure to do so, to enter Heather's property and seize and remove Heather's trailer.

20.     Betty cannot lawfully comply with that command as she owns neither the land nor the trailer and has no right to enter Heather's property and remove Heather's personal property without Heather's consent.

21.     Heather was never cited, named, joined, served, or afforded an opportunity to defend her right to keep her own trailer on her own property.

22.     No court has adjudicated that Heather presently uses the trailer as a dwelling.

23.     No court has adjudicated that Heather's present storage of the trailer violates any ordinance.

24.     No forfeiture, attachment, condemnation, or other in-rem proceeding was brought against Heather's trailer.

25.     Yet the Township now claims governmental authority to cross Heather's land and seize her personal property following her mother's successful federal civil-rights action involving that same trailer and property.

26.     Defendants David Droscha and Bethany Walter participated in, authorized, approved, facilitated, ratified, or knowingly acquiesced in the Township's decision to demand removal of Heather's trailer.

27.     Defendant Amber Kenny-Hinojosa replaced Lam in the Township's code-enforcement functions and is positioned to implement, assist, direct, or participate in the threatened entry and seizure.

28.     The Township's conduct is not ordinary zoning enforcement. It is vindictive and retaliatory enforcement undertaken after Betty and John Argersinger successfully challenged the Township's warrantless inspection practices and obtained damages, attorney fees, prospective protections, and a federal judgment restricting future Township conduct.

29.     Defendants are attempting to accomplish through an overbroad abatement demand what no Township ordinance authorizes: a categorical ban on Heather keeping her trailer on her property.

30.     Heather brings this action to prevent the threatened entry and seizure, remedy the deprivation of her constitutional rights, and enforce the protections expressly afforded to her by the federal Consent Judgment.

**PARTIES**

31.     Plaintiff Heather Crusenza is a resident of the State of Michigan.

32.     Heather is the adult daughter of Betty Argersinger.

33.     Heather is the owner and lawful possessor of real property located on West Columbia Road in Aurelius Township, Ingham County, Michigan, commonly identified as Parcel No. 33-09-09-07-126-003.

34.     On June 30, 2026, Betty Argersinger conveyed the West Columbia Road property to Heather Crusenza.

35.     Heather is also the owner of the travel trailer located on the property.

36.     Heather owned the trailer before, during, and after the municipal-infraction proceeding against Betty.

37.     Defendant Township of Aurelius is a municipal entity and political subdivision organized and existing under Michigan law.

38.     Defendant David Droscha is the elected Supervisor of Aurelius Township.

39.     Droscha possesses administrative, supervisory, enforcement, and policymaking responsibilities for the Township.

40.     Droscha has been personally involved in the Township's decisions concerning Heather, the West Columbia Road property, and Heather's trailer.

41.     Droscha knew of the prior federal action and the Consent Judgment, including its anti-retaliation provisions, successor protections, and restrictions on future entries onto the property.

42.     Droscha participated in, authorized, approved, directed, ratified, or knowingly acquiesced in the Township's decision to demand physical removal of Heather's trailer and to claim authority to enter Heather's land and seize it.

43.     Droscha possesses authority to direct, approve, prevent, or discontinue the threatened enforcement action.

44.     Droscha is sued in his official and personal capacities.

45.     Defendant Bethany Walter is the elected Clerk of Aurelius Township.

46.     Walter possesses administrative and official responsibilities for the Township and has been personally involved in the Township's decisions concerning Heather, the property, and the trailer.

47. Walter knew of the prior federal action and the Consent Judgment, including its anti-retaliation provisions, successor protections, and restrictions on future entries onto the property.

48. Walter participated in, authorized, approved, facilitated, ratified, or knowingly acquiesced in the Township's decision to demand physical removal of Heather's trailer and to claim authority to enter Heather's land and seize it.

49. Walter possesses authority or influence to approve, facilitate, prevent, or discontinue the threatened enforcement action.

50. Walter is sued in her official and personal capacities.

51. Defendant Amber Kenny-Hinojosa replaced Michael Lam in the Township's code-enforcement position or functions.

52. Kenny-Hinojosa is responsible for administering, pursuing, or carrying out zoning and code-enforcement activities on behalf of the Township.

53. Kenny-Hinojosa knew or has been placed on notice of the prior federal action, the Consent Judgment, its anti-retaliation provisions, its protections for successors, and its restrictions on governmental entry onto the West Columbia Road property.

54. Kenny-Hinojosa has participated in, facilitated, adopted, continued, implemented, or threatened enforcement concerning Heather, the property, or the trailer.

55. On information and belief, Hinojosa is among the Township officials who will enter Heather's property, direct or assist such entry, or seize, tow, remove, or interfere with Heather's trailer if the Township carries out the state court's authorization.

56. Kenny-Hinojosa is sued in her official and personal capacities.

57. Defendants Droscha, Walter, and Kenny-Hinojosa acted under color of state law at all relevant times.

58. Each individual Defendant acted within the course and scope of Township office or employment or purported to exercise authority derived from the Township.

59. The official-capacity claims are pleaded to secure complete prospective relief against the current Township officials responsible for implementing or preventing the threatened entry and seizure.

### JURISDICTION AND VENUE

60. This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

61. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

62. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

63. This Court has authority to grant preliminary and permanent injunctive relief under Federal Rule of Civil Procedure 65 and its inherent equitable authority.

64. This Court also retained jurisdiction to enforce the Consent Judgment and resolve disputes arising under it.

65. Paragraph 1 of the Consent Judgment provides that this Court "shall retain jurisdiction" to enforce the judgment and resolve any disputes arising under it.

66. Heather is a successor, lawful possessor, and current owner expressly protected by the Consent Judgment.

67. Paragraph 16 expressly authorizes successors such as Heather to enforce its anti-retaliation protections as though they were plaintiffs in the original federal action.

68. Federal Rule of Civil Procedure 71 further permits a nonparty in whose favor an order grants relief to enforce that relief through the same procedure available to a party.

69. The events giving rise to this action occurred in Aurelius Township, Ingham County, Michigan, within the Western District of Michigan.

70. Venue is proper under 28 U.S.C. § 1391(b).

71. This action is related to *Argersinger v. Township of Aurelius*, Case No. 1:25-cv-879, because it seeks enforcement of that case's Consent Judgment and arises from conduct involving the same property, trailer, municipal entity, and constitutional controversy.

## FACTUAL ALLEGATIONS

### *The Property and Heather's Trailer*

72. John and Betty Argersinger previously owned the West Columbia Road property.

73. Heather has owned the travel trailer located on that property at all relevant times.

74. Heather possessed and used the trailer with the knowledge and permission of the property owners before acquiring the parcel.

75. The trailer is private personal property belonging to Heather.

6

76.     The applicable Township ordinance does not prohibit the mere ownership, parking, possession, or storage of a travel trailer on private property.

77.     Section 16-41 instead regulates the use or occupation of a trailer or camper as a dwelling.

78.     The Township's original citation charged Betty with "use of camper as dwelling."

79.     The citation did not charge Heather with any offense.

80.     The citation did not charge Betty or Heather with unlawful storage of a trailer.

81.     It did not assert that the trailer itself was contraband, unlawfully possessed, illegally parked, or subject to forfeiture.

### The Township's Warrantless Entries

82.     Before the municipal-infraction action, former code-enforcement officer Michael Lam entered the West Columbia Road property on one or more occasions to investigate the trailer.

83.     Lam did not obtain a warrant before entering the property.

84.     Lam did not obtain constitutionally sufficient consent from a lawful possessor before entering.

85.     During those entries, Lam observed conditions, gathered information, and created photographs, notes, or other evidence.

86.     John and Betty Argersinger thereafter filed a federal action challenging the Township's warrantless-entry practices.

87.     The federal complaint alleged that Lam conducted warrantless inspections of the West Columbia Road property and that the Township maintained a policy, custom, or practice of conducting unannounced and permissionless inspections.

### The Federal Consent Judgment

88.     On December 19, 2025, this Court entered a Consent Judgment resolving the Argersingers' federal action.

89.     The Consent Judgment acknowledged that Lam had entered the property to observe conditions and gather information without a warrant or written consent.

90.     The Consent Judgment provides that, absent a warrant or a *Patel*-compliant alternative, constitutionally sufficient consent, or a recognized exception, the Township

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

and its officials may not permissionlessly or warrantlessly enter the West Columbia Road property for zoning, ordinance, or law-enforcement purposes.

91.    It further provides that the Township and its officers, employees, agents, and designees may not enter the property for inspection or enforcement purposes without a judicial warrant, voluntary consent of a lawful possessor, or a recognized exigent-circumstances exception.

92.    The Consent Judgment required the Township to train its zoning and code-enforcement personnel concerning Fourth Amendment principles and anti-retaliation protections.

93.    The Consent Judgment required the Township to pay John and Betty Argersinger $10,500.

94.    It designated John and Betty as prevailing parties under 42 U.S.C. § 1988 and required the Township to pay $14,500 in attorney fees and costs.

95.    Paragraph 16 provides that no Defendant may retaliate "in any manner or form" because the Argersingers filed, prosecuted, or maintained the federal action or secured the Consent Judgment.

96.    Paragraph 16 requires municipal services and requested permits to be processed according to normal governmental timelines and practices.

97.    Paragraph 16 expressly extends its protections to all possessors, successors, and future occupants of the property.

98.    Paragraph 16 further provides that each such person may enforce the provision as though that person were a plaintiff in the federal action.

99.    Paragraph 16 permits the Township to enforce zoning ordinances and other laws only through constitutionally recognized procedures.

100.    Paragraphs 2 and 3 make the Consent Judgment binding upon the Township and its successors in office and provide that its protections are property-based, run with the land, and apply to present and future lawful possessors, occupants, and users.

101.    Paragraph 18 preserves future or unripe claims arising from new, different, or ongoing conduct.

102.    Paragraph 18 further provides that the Consent Judgment does not operate as claim preclusion against future constitutional violations.

103.    The Consent Judgment therefore binds Droscha, Walter, and Kenny-Hinojosa when they act for the Township or as successors to Township officials responsible for the conduct regulated by the judgment.

8

***The State Municipal-Infraction Proceeding***

104.    The Consent Judgment permitted the pending municipal-infraction action against Betty to continue in a highly limited fashion in the 55th District Court.

105.    The state action was captioned *Aurelius Township v. Betty Argersinger*, Case No. 25AU50256-ON.

106.    Heather was not named as a defendant.

107.    Heather was not served with a complaint or citation asserting a claim against her.

108.    The Township did not move to join Heather as a necessary party before seeking relief affecting her trailer.

109.    The Township did not commence an in-rem action against the trailer.

110.    The municipal-infraction action concerned whether Betty had allowed the trailer to be used as a dwelling in violation of § 16-41.

111.    The Township argued that the ordinance prohibited any use of a trailer as a dwelling, irrespective of whether occupancy exceeded fourteen consecutive days.

112.    The 55th District Court accepted that interpretation.

113.    The court found no evidentiary basis to determine that the trailer had been occupied for more than fourteen consecutive days.

114.    The court nevertheless held that use of the trailer as a dwelling was independently prohibited.

115.    The court permanently enjoined Betty from allowing the trailer to continue being used as a dwelling unit.

116.    The court then went beyond ending the adjudicated use and ordered Betty to remove the trailer itself.

117.    The court's written order declared use of the trailer as a dwelling to be the nuisance but required physical removal of the trailer as the purported means of abatement.

118.    The order did not identify any ordinance prohibiting nonresidential *storage* of the trailer.

119.    The order did not find that the mere presence of the trailer constituted a nuisance.

120.    The order did not adjudicate Heather's independent ownership rights.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

121. The order did not identify Heather as a person bound by it.

### The June 30, 2026 Conveyance

122. On June 30, 2026, Betty conveyed the West Columbia Road property to her adult daughter, Heather Crusenza.

123. The conveyance transferred Betty's ownership interest in the land to Heather.

124. The conveyance did not transfer the trailer because Heather already owned it.

125. Since June 30, 2026, Heather has owned and lawfully possessed both the land and the trailer.

126. Betty no longer owns the land.

127. Betty has never owned the trailer.

128. Betty lacks legal authority to enter Heather's property and remove Heather's personal property without Heather's permission.

129. Betty cannot lawfully sell, destroy, tow, dispose of, or surrender Heather's trailer.

130. The conveyance did not authorize Heather or anyone else to resume any unlawful dwelling use.

131. Heather does not claim a right to use the trailer unlawfully as a dwelling.

132. Heather seeks only to possess and store her personal property in a manner not prohibited by the Township's ordinances.

### The Clarification Proceedings

133. Because the original order enjoined a use but separately demanded removal of the trailer, a dispute arose concerning the scope of the judgment.

134. Betty argued that the injunction should be clarified to prohibit unlawful dwelling use while permitting the trailer to remain if it was not occupied or maintained as a dwelling and was otherwise lawfully stored.

135. Betty explained that the violation charged and adjudicated concerned use of the camper as a dwelling, not its ownership or storage.

136. The Township knew during the clarification proceedings that Heather had owned the trailer throughout the controversy.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

137.    The Township knew that Betty conveyed the property to Heather on June 30, 2026.

138.    The Township knew that Heather was Betty's adult daughter.

139.    The Township knew or should have known that Betty lacked ownership and legal control over both the land and the trailer.

140.    The Township knew that Heather was not a party to the municipal-infraction action.

141.    The Township knew that no ordinance independently prohibited Heather's nonresidential storage of the trailer on the property.

142.    The Township nevertheless opposed a clarification limiting the injunction to unlawful dwelling use.

143.    Instead, the Township affirmatively advocated for physical removal of Heather's trailer.

144.    The Township asked the court to maintain and enforce a remedy that reached conduct the ordinance did not prohibit.

145.    The Township did so after it paid damages and attorney fees in the federal action and agreed not to retaliate against the Argersingers or their successors.

146.    Droscha participated in, authorized, approved, directed, ratified, or knowingly acquiesced in the Township's decision to oppose clarification and continue demanding removal.

147.    Walter participated in, authorized, approved, facilitated, ratified, or knowingly acquiesced in that decision.

148.    Droscha and Walter knew before or during the clarification proceedings that Betty had conveyed the property to Heather.

149.    Droscha and Walter knew Heather owned the trailer and was not a party to the municipal-infraction action.

150.    Droscha and Walter knew that the adjudicated violation concerned dwelling use rather than the mere presence or storage of the trailer.

151.    Despite that knowledge, Droscha and Walter caused, authorized, approved, facilitated, or ratified the Township's demand that Heather's trailer be physically removed from Heather's land.

11

152. Kenny-Hinojosa adopted, continued, implemented, or was designated to implement the enforcement position developed or approved by the Township, Droscha, and Walter.

153. Defendants have not withdrawn the threat that Kenny-Hinojosa or other Township personnel will enter Heather's land and seize her trailer if Betty does not remove it.

154. During the clarification hearing, the state-court judge expressed displeasure with the federal Consent Judgment and questioned whether a federal court could impose limits affecting his authority.

155. Heather does not sue the state-court judge and does not seek damages or relief against him.

156. Heather does not ask this Court to sit as an appellate court reviewing the historical municipal-infraction finding against Betty.

157. The conduct challenged here is the Township Defendants' decision to pursue and threaten enforcement of relief against Heather, her land, and her trailer despite the absence of a present ordinance violation adjudicated against Heather and despite the Township's obligations under the federal Consent Judgment.

### The Threatened Entry and Seizure

158. At the conclusion of the clarification proceedings, the state court granted Betty thirty additional days and ruled that, upon noncompliance, the Township may enter the property, remove the trailer, and assess the removal costs against the property's tax roll.

159. The Township intends, threatens, claims authority, or refuses to disclaim an intention to enter Heather's property and seize her trailer after expiration of the thirty-day period.

160. The threatened entry would be undertaken for zoning or ordinance-enforcement purposes.

161. Heather has not consented to entry.

162. Heather has not consented to seizure or removal of her trailer.

163. No exigent circumstance exists.

164. The trailer presents no immediate threat to public health or safety.

165. No judicial warrant directed to Heather's property and trailer has been obtained upon a showing that Heather is committing a present ordinance violation.

166.    The state order was entered against Betty, not Heather.

167.    The order arose from an adjudication of historical use, not a finding that Heather's current storage is unlawful.

168.    On information and belief, Kenny-Hinojosa, acting alone or together with Droscha, Walter, Township employees, contractors, towing companies, or other agents, will participate in or facilitate entry upon Heather's land and seizure of her trailer.

169.    Droscha and Walter possess authority to direct, approve, prevent, or discontinue that enforcement action.

170.    Despite their ability to prevent the threatened injury and ensure compliance with the Consent Judgment, Droscha and Walter authorized, ratified, encouraged, facilitated, or refused to withdraw the threatened entry and seizure.

171.    Each individual Defendant has actual notice that Heather denies consent to any entry upon the property or seizure of the trailer.

172.    Entry onto Heather's land and physical removal of her trailer would meaningfully interfere with her ownership and possessory interests.

173.    The threatened seizure would deprive Heather of personal property without a proceeding in which she was named, joined, served, or afforded an opportunity to defend.

174.    It would also impose an extra-ordinance restriction upon Heather following her mother's successful federal civil-rights action.

### Vindictive and Abnormal Enforcement

175.    Recreational vehicles and trailers are commonly stored on private property within Aurelius Township.

176.    On information and belief, the Township does not, with one exception, demand removal of lawfully stored trailers.

177.    On information and belief, the Township does not ordinarily seek authority to enter private land and seize a trailer where its present storage violates no ordinance.

178.    On information and belief, similarly situated Township residents who store trailers without using them as dwellings are not subjected to governmental entry, seizure, or permanent-removal demands.

179.    Heather has been singled out because she is Betty's adult daughter and because the trailer and property were the subject of the Argersingers' successful federal civil-rights action.

180. Defendants' treatment of Heather is materially harsher than their treatment of similarly situated property owners.

181. No rational zoning or public-safety purpose requires removal of a trailer whose prohibited use has ceased and whose storage is otherwise lawful.

182. Ending any prohibited dwelling use fully addresses the violation found by the state court.

183. Permanent removal serves no legitimate purpose that could not be accomplished by an injunction against unlawful use.

184. The demand for removal instead punishes the Argersinger family and Heather as their successor for successfully invoking federal constitutional protections.

185. Defendants' conduct would deter a person of ordinary firmness from bringing, supporting, benefiting from, or associating with persons who bring civil-rights litigation against the Township.

186. Defendants acted intentionally, vindictively, arbitrarily, and with deliberate indifference to Heather's protected rights.

### *Personal Involvement of the Individual Defendants*

187. Droscha did more than occupy a supervisory position.

188. Droscha personally participated in, authorized, approved, directed, ratified, or knowingly acquiesced in the specific enforcement position challenged in this action.

189. Walter did more than perform ministerial duties as Township Clerk.

190. Walter personally participated in, authorized, facilitated, approved, ratified, or knowingly acquiesced in the challenged enforcement position.

191. Kenny-Hinojosa is responsible for continuing or implementing the Township's code-enforcement position and is presently positioned to participate in the threatened entry and seizure.

192. Each individual Defendant knew of the federal Consent Judgment prohibiting retaliation and restricting enforcement entries upon the property.

193. Each individual Defendant knew or was deliberately indifferent to the fact that Heather owns the land and the trailer.

194. Each individual Defendant knew or was deliberately indifferent to the fact that Heather was not a party to the municipal-infraction action and that no ordinance had been identified as prohibiting her present nonresidential storage of the trailer.

14

195. Each individual Defendant had an opportunity and ability to prevent the threatened violations but instead participated in, authorized, approved, ratified, facilitated, continued, or refused to discontinue the challenged conduct.

### *Municipal Liability*

196. The Township is responsible under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for constitutional violations resulting from its official policies, customs, practices, and decisions by final policymakers.

197. The challenged conduct is not an isolated unauthorized act by a low-level employee.

198. The Township, through its authorized officials, agents, attorneys, and policymakers, affirmatively advocated for physical removal of Heather's trailer.

199. The Township maintained that position despite knowing that Heather owned the trailer, Heather owned the land, Betty owned neither, and no ordinance independently prohibited lawful trailer storage.

200. Droscha, as Township Supervisor, participated in, authorized, approved, directed, or ratified that position.

201. Walter, as Township Clerk, participated in, authorized, facilitated, approved, or ratified that position.

202. Kenny-Hinojosa adopted, continued, implemented, or threatens to implement the position through the Township's code-enforcement authority.

203. The Township secured or accepted judicial authorization for its officials and agents to enter the property and seize the trailer.

204. The Township intends, threatens, or refuses to disclaim reliance on that authority.

205. The challenged conduct therefore reflects the Township's official enforcement decision, policy, or ratification.

206. Alternatively, the Township maintained a custom or practice of pursuing zoning inspections and enforcement through unconstitutional entries, seizures, and procedures.

207. The Township also failed to adequately train, supervise, and discipline its officials concerning the rights of successors and nonparties, constitutional limits on seizure and abatement, due-process requirements, and the anti-retaliation obligations imposed by the Consent Judgment.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

208. That failure was deliberately indifferent because the Township had actual notice of constitutional obligations through the prior federal litigation and Consent Judgment.

209. The Township's official actions and omissions were a moving force behind the threatened violations of Heather's rights.

**COUNT I**
**CLASS-OF-ONE EQUAL PROTECTION**
**42 U.S.C. § 1983**

210. This Count incorporates the preceding paragraphs alleged herein.

211. The Equal Protection Clause requires governmental entities to treat similarly situated persons alike.

212. The Equal Protection Clause prohibits a municipality from intentionally treating one property owner differently from other similarly situated property owners without a rational basis for the difference.

213. Heather owns and stores a travel trailer on private residential property within Aurelius Township.

214. Heather does not presently use or permit the trailer to be used or occupied as a dwelling.

215. The Township ordinance does not prohibit the mere ownership, presence, parking, or nonresidential storage of a travel trailer on Heather's property.

216. Numerous other Aurelius Township property owners openly store travel trailers, campers, recreational vehicles, or materially similar vehicles on their private property.

217. Those property owners are subject to the same or materially similar Township regulations governing the storage and residential use of travel trailers and campers.

218. Those property owners are similarly situated to Heather in all respects material to the Township's present enforcement decision because they own or possess private property within the Township, store a travel trailer or camper on that property, and do not presently use the trailer or camper as an unlawful dwelling.

219. Among the similarly situated property owners are the owners or occupants of the following properties among many others:

      a.    5675 Columbia Road;

      b.    5445 Columbia Road

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

16

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

c.      5344 Curtis Road

d.      4454 Columbia Road

e.      4205 Columbia Road

f.      104 College Road

g.      3479 Sitts Road

h.      3439 Sitts Road; and

i.      additional comparator properties to be identified through discovery.

220.    From Google Maps itself, immediately across the street from Heather's property is a neihbor's travel trailer that has been stored in the same place for years—



221.    At each comparator property, a travel trailer, camper, recreational vehicle, or materially equivalent vehicle is openly stored or maintained on private property.

222.    On information and belief, the Township has actual or constructive knowledge of those openly visible trailers and campers.

223.    The Township has not required those similarly situated property owners to permanently remove their trailers or campers.

224.    The Township has not sought judicial authorization to enter those properties and seize the stored trailers or campers.

225.    The Township has not treated the mere continued presence of those trailers or campers as a nuisance requiring physical removal.

226.    In contrast, Defendants have required permanent removal of Heather's trailer and claim authority to enter Heather's property and seize it, even though Heather's present storage of the trailer violates no identified ordinance.

227.    Defendants intentionally treated Heather differently from similarly situated Township property owners.

228.    The prior adjudication that the trailer was once used as a dwelling provides no rational basis for permanently prohibiting its subsequent lawful storage.

229.    The prior use can be fully and rationally addressed by prohibiting the trailer from being used or occupied as a dwelling.

230.    No ordinance provides that a trailer previously used as a dwelling becomes contraband, must be permanently removed, or may never again be lawfully stored on the property.

231.    Defendants' removal demand is materially disconnected from the violation adjudicated and reaches lawful conduct permitted to other Township property owners.

232.    Any asserted governmental basis is pretextual because the Township's actual enforcement decision was motivated by animus, ill will, and retaliation arising from the Argersingers' successful federal civil-rights action.

233.    The prior federal action concerned this same property, this same trailer, and the Township's unlawful efforts to inspect and investigate it.

234.    After the Argersingers prevailed, Defendants demanded the most burdensome remedy available concerning the same trailer—permanent removal and governmental seizure—even though ending the prohibited dwelling use fully abated the violation.

235.    Defendants continued to demand removal after learning that Heather owned the trailer, acquired the land, was not a party to the municipal-infraction proceeding, and was expressly protected as a successor under the federal Consent Judgment.

236.    Droscha and Walter participated in, authorized, approved, facilitated, ratified, or knowingly acquiesced in the decision to treat Heather differently from similarly situated property owners.

237.    Kenny-Hinojosa adopted, continued, implemented, or threatens to implement that selectively imposed enforcement decision.

238.    The differential treatment was intentional, irrational, arbitrary, vindictive, and motivated by animus and ill will.

239.    Defendants' conduct violated Heather's right to equal protection of the laws.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## COUNT II
## VINDICTIVE ENFORCEMENT
## FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983

240.    This Count incorporates the preceding paragraphs alleged herein.

241.    The Equal Protection Clause prohibits governmental officials from selectively employing otherwise available enforcement authority to punish a person for exercising or supporting the exercise of constitutionally protected rights.

242.    A vindictive-enforcement claim is established where: (1) a protected right was exercised; (2) the governmental enforcer had a stake in the exercise of that right; (3) the enforcement conduct was unreasonable; and (4) the enforcement was initiated, expanded, continued, or pursued with the intent to punish the exercise of the protected right. *Futernick v. Sumpter Township*, 78 F.3d 1051 (6th Cir. 1996).

243.    John and Betty Argersinger exercised constitutionally protected rights by objecting to the Township's warrantless inspection practices, petitioning the federal courts for redress, prosecuting their civil-rights action, and securing the Consent Judgment.

244.    Heather independently exercised and supported constitutionally protected rights by communicating with Township officials, providing information and evidence, assisting the Argersingers and their counsel, appearing and participating in the federal settlement conference, appearing and testifying in the related state-court proceedings, and continuing to oppose the Township's unconstitutional treatment of her property.

245.    Heather's protected activity directly concerned the same property, trailer, warrantless investigation, and municipal-enforcement practices involved in the present dispute.

246.    Defendants knew that Heather was not merely Betty's adult daughter or a passive successor, but an active participant in the proceedings adverse to the Township.

247.    Defendants had a substantial institutional, financial, reputational, and enforcement stake in the exercise of those protected rights.

248.    The prior federal action exposed the Township's warrantless inspection practices, required payment of damages and attorney fees, imposed mandatory constitutional training, restricted future enforcement entries, and subjected the Township and its officials to an express anti-retaliation provision.

249.    The prior federal action therefore restricted the Township's claimed enforcement authority and subjected the Township to continuing federal judicial supervision concerning this specific property.

250.    Defendants' subsequent enforcement conduct was unreasonable.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

251.    Heather was never cited, named, joined, or served in the municipal-infraction proceeding.

252.    Heather has always owned the trailer and, since June 30, 2026, has also owned the land.

253.    Betty owns neither the land nor the trailer and lacks lawful authority to remove Heather's personal property from Heather's land.

254.    No ordinance prohibits Heather's present nonresidential storage of the trailer.

255.    No court has adjudicated that Heather is presently violating an ordinance.

256.    The adjudicated violation—use of the trailer as a dwelling—could be fully abated by permanently ending that prohibited use.

257.    Heather does not claim any right to use or permit the trailer to be used as a dwelling.

258.    Defendants nevertheless pursued complete physical removal of the trailer, governmental entry onto Heather's land, seizure of Heather's personal property, and assessment of the removal costs against Heather's real property.

259.    The Township pursued those extraordinary remedies after the distinction between prohibited dwelling use and lawful trailer storage was expressly presented during the clarification proceedings.

260.    The Township identified no separate ordinance violation supporting the seizure or permanent removal of Heather's trailer.

261.    Defendants' enforcement was materially harsher than the Township's treatment of other property owners who openly store comparable trailers and recreational vehicles on their properties.

262.    Even if the Township initially possessed a legitimate basis to prohibit use of the trailer as a dwelling, that initial basis does not immunize its later decision to demand removal and seizure for vindictive purposes.

263.    Defendants would not have pursued the same extraordinary remedy against Heather in the absence of the Argersingers' successful federal litigation, Heather's participation in and support of that litigation, and the resulting Consent Judgment.

264.    The temporal sequence, the identity of the property and trailer, the departure from ordinary enforcement, the absence of a present storage violation, the severity of the threatened remedy, and Defendants' knowledge of Heather's protected activity support a reasonable inference that Defendants acted with punitive intent.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

265. Defendants' conduct was intended, at least in substantial part, to punish Heather and the Argersinger family for exercising and supporting constitutional rights.

266. Defendants' conduct was also intended to deter Heather, the Argersingers, and other Township residents from challenging Township officials or seeking judicial redress for unconstitutional enforcement practices.

267. Droscha participated in, authorized, approved, directed, ratified, or knowingly acquiesced in the vindictive-enforcement decision.

268. Walter participated in, authorized, approved, facilitated, ratified, or knowingly acquiesced in the vindictive-enforcement decision.

269. Kenny-Hinojosa adopted, continued, implemented, or threatens to implement the vindictive-enforcement decision through the Township's code-enforcement authority.

270. The Township's vindictive enforcement reflects an official municipal decision, policy, ratification, or act of authorized policymakers.

271. Defendants' vindictive enforcement violated Heather's rights under the Equal Protection Clause of the Fourteenth Amendment.

## COUNT III
## FIRST AMENDMENT RETALIATION
## 42 U.S.C. § 1983

272. This Count incorporates the preceding paragraphs alleged herein.

273. The First Amendment protects the right to petition the government and courts for redress of grievances.

274. John and Betty Argersinger engaged in protected activity by filing and prosecuting their federal civil-rights action against Defendants.

275. Heather is Betty's adult daughter and was closely associated with Betty throughout the events underlying the federal action.

276. Heather owned the trailer that was the subject of the Township's warrantless investigation and the resulting federal litigation.

277. Heather did not merely benefit indirectly from the Argersingers' federal action. She actively participated in and supported the prosecution and resolution of that litigation.

278. Heather communicated with Township officials concerning the property, the trailer, the Township's inspections, and the underlying enforcement dispute.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

279. Heather provided information, papers, and other evidence relevant to the Argersingers' claims and to the Township's conduct involving the property and trailer.

280. Heather assisted John and Betty Argersinger and their counsel in identifying, preserving, and presenting evidence concerning the Township's warrantless entries, its enforcement activities, and the ownership and use of the trailer.

281. Heather appeared and participated in the settlement conference conducted in the prior federal action.

282. Heather also appeared and testified during the proceedings conducted in the 55th District Court concerning the same property, trailer, and enforcement controversy.

283. Her testimony addressed, among other things, her ownership and use of the trailer, her activities on the property, the nature and frequency of any overnight stays, and the absence of continuous residential occupancy prohibited by the ordinance.

284. Heather's testimony and other participation were material to the parties' competing positions concerning the trailer and the Township's authority to regulate or remove it.

285. Township officials and counsel personally observed or were otherwise aware of Heather's testimony, communications, evidentiary assistance, settlement participation, and continuing opposition to the Township's enforcement position.

286. Heather's participation constituted assistance to, association with, and support for the Argersingers' exercise of their rights to petition the courts and seek redress for constitutional violations.

287. Heather's participation also constituted her own exercise of the rights to speak, provide evidence, communicate with government officials, participate in judicial proceedings, and assist litigation challenging governmental conduct.

288. Defendants therefore expressly knew that Heather was not merely Betty's adult daughter or a passive successor to the property, but was an active participant in the proceedings that led to the Consent Judgment and in the continuing dispute over the Township's treatment of her trailer.

289. Heather participated in, supported, assisted with, was associated with, and directly benefited from the Argersingers' protected activity.

290. The federal action directly concerned Heather's trailer and the property she later acquired from Betty.

291. The Consent Judgment expressly identifies successors such as Heather as persons protected against retaliation arising from the federal action.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

292.    Defendants knew of the protected federal litigation.

293.    Defendants knew Heather was Betty's adult daughter.

294.    Defendants knew Heather owned the trailer involved in the federal action.

295.    Defendants knew Heather became the successor owner of the protected property on June 30, 2026.

296.    After the Argersingers prevailed, Defendants sought and now threaten adverse action against Heather, including entry upon her land and seizure of her trailer.

297.    Entry and seizure of private property would deter a person of ordinary firmness from exercising, supporting, associating with, or benefiting from the right to petition for redress.

298.    Defendants' demand for physical removal was motivated, at least in substantial part, by the Argersingers' successful federal action and Heather's status as Betty's daughter, associate, beneficiary, and successor.

299.    The Township's insistence on removal cannot be explained by the applicable ordinance because no ordinance prohibits Heather's lawful storage of the trailer.

300.    Droscha and Walter participated in, authorized, approved, directed, facilitated, ratified, or knowingly acquiesced in the retaliatory enforcement decision.

301.    Kenny-Hinojosa adopted, continued, implemented, or threatens to implement that decision through code-enforcement action against Heather's land and trailer.

302.    Each individual Defendant knew of the protected litigation and Heather's familial relationship to Betty.

303.    Each individual Defendant knew of Heather's status as a successor expressly protected by the Consent Judgment.

304.    Defendants' conduct constitutes retaliation for protected First Amendment activity and association.

305.    The threatened injury is imminent because the state order provides a thirty-day deadline followed by Township entry and seizure.

306.    Heather is entitled to declaratory and injunctive relief.

307.    Heather is also entitled to nominal and compensatory damages and punitive damages against the individual Defendants to the extent permitted by law.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COUNT IV**
**DEPRIVATION OF PROPERTY WITHOUT PROCEDURAL DUE PROCESS**
**FOURTEENTH AMENDMENT**
**42 U.S.C. § 1983**

308.   This Count incorporates the preceding paragraphs alleged herein.

309.   Heather possesses constitutionally protected ownership and possessory interests in both the West Columbia Road property and the trailer.

310.   Defendants intend or threaten to enter her land and seize her trailer.

311.   Heather was not a party to the municipal-infraction proceeding.

312.   Heather was not cited for any violation.

313.   Heather was not served with process asserting that her storage of the trailer was unlawful.

314.   Heather was not joined as a necessary party before the Township sought an order affecting title to, possession of, or control over her trailer.

315.   Heather was not afforded a hearing at which she could defend her right to store her trailer on her property.

316.   Heather's appearance as a witness, familial relationship to Betty, or knowledge of the proceeding did not make her a party or provide process sufficient to adjudicate and extinguish her independent ownership rights.

317.   The municipal-infraction action was not an in-rem proceeding against the trailer.

318.   No forfeiture, attachment, condemnation, or seizure claim was pleaded against Heather's personal property.

319.   No court adjudicated that Heather committed an ordinance violation.

320.   No court adjudicated that Heather's current storage of the trailer is unlawful.

321.   Nevertheless, the Township sought and obtained authority to take Heather's property if Betty failed to perform an act Betty lacks legal authority to perform.

322.   Droscha and Walter authorized, approved, facilitated, ratified, or knowingly acquiesced in the effort to obtain and enforce seizure authority over Heather's property without naming or joining her.

24

323.   Kenny-Hinojosa intends or is positioned to implement that authority despite knowing that Heather was not afforded a proceeding adjudicating her present conduct and ownership rights.

324.   A postdeprivation remedy would be inadequate because the threatened deprivation is authorized, planned, and foreseeable and because seizure could damage, destroy, relocate, or otherwise interfere with Heather's personal property and use of the land.

325.   Defendants can provide constitutionally adequate predeprivation procedures by identifying an actual ordinance violation, naming Heather as the responsible party, serving process, and affording her an opportunity to be heard before entry or seizure.

326.   Defendants have not done so.

327.   The threatened entry and seizure would deprive Heather of property without due process of law.

328.   Heather is entitled to declaratory and injunctive relief preventing that deprivation.

329.   Heather is also entitled to nominal and compensatory damages for any completed deprivation or other recoverable injury.

**COUNT V**
**UNREASONABLE ENTRY AND SEIZURE**
**FOURTH AMENDMENT**
**42 U.S.C. § 1983**

330.   This Count incorporates the preceding paragraphs alleged herein.

331.   The Fourth Amendment protects Heather's right to be secure in her land and personal effects against unreasonable searches and seizures.

332.   The West Columbia Road property is privately owned land protected by the federal Consent Judgment.

333.   Heather's trailer is an "effect" protected by the Fourth Amendment.

334.   Physical removal of the trailer would constitute a seizure because it would meaningfully interfere with Heather's possession and control.

335.   Entry upon Heather's property to locate, access, attach, tow, or remove the trailer would constitute a governmental intrusion undertaken for enforcement purposes.

336.   Heather has not consented to entry or seizure.

25

337.    No exigent circumstance exists.

338.    Defendants have not obtained a judicial warrant based upon a present violation by Heather and particularly authorizing entry onto Heather's property and seizure of Heather's trailer.

339.    The state-court order was entered against Betty in an action to which Heather was not a party.

340.    It adjudicated prior dwelling use, not the lawfulness of Heather's current possession or storage.

341.    No ordinance makes Heather's trailer contraband or authorizes its forfeiture.

342.    No legitimate governmental interest makes the threatened seizure reasonable where the adjudicated unlawful use has ended.

343.    Droscha and Walter authorized, approved, facilitated, ratified, or refused to withdraw the threatened entry and seizure.

344.    Kenny-Hinojosa intends, threatens, or is positioned to participate in or implement the entry and seizure.

345.    Defendants' threatened entry and seizure are unreasonable under the Fourth Amendment.

346.    Heather is entitled to preliminary and permanent injunctive relief preventing Defendants from entering the property or seizing the trailer without a valid warrant, consent, recognized exception, legally sufficient present violation, and constitutionally adequate process.

347.    Heather is also entitled to damages for any completed constitutional violation.

**COUNT VI**
**ENFORCEMENT OF CONSENT JUDGMENT**
**PARAGRAPH 16—ANTI-RETALIATION PROTECTION**

348.    This Count incorporates the preceding paragraphs alleged herein.

349.    This Court entered the Consent Judgment in Case No. 1:25-cv-879.

350.    The Township consented to its entry.

351.    The Consent Judgment is binding upon the Township and its officers, employees, agents, designees, and successors in office.

352.    Droscha, Walter, and Kenny-Hinojosa are bound by the Consent Judgment when acting in their Township capacities or exercising Township authority.

353.    The judgment provides that its protections are property-based and run with the West Columbia Road land.

354.    Heather is a present owner, lawful possessor, successor, occupant, and user protected by the judgment.

355.    Paragraph 16 prohibits Defendants from retaliating "in any manner or form" because the Argersingers filed, prosecuted, or maintained the federal action or secured the Consent Judgment.

356.    Paragraph 16 expressly extends that protection to successors such as Heather.

357.    Paragraph 16 expressly authorizes Heather to enforce the provision as though she were a plaintiff in the original action.

358.    Defendants have retaliated and threaten further retaliation by using the prior municipal proceeding to seek entry onto Heather's land and seizure of Heather's trailer even though:

    a.    Heather was not a party to the state action;

    b.    Heather owns the land;

    c.    Heather owns the trailer;

    d.    Betty owns neither;

    e.    no ordinance prohibits Heather's lawful storage of the trailer;

    f.    the adjudicated violation concerned use as a dwelling, not ownership or storage;

    g.    Heather has not been afforded a proceeding concerning her present conduct or property rights; and

    h.    the Township's proposed action is materially harsher than normal enforcement against similarly situated property owners.

359.    Defendants' effort to eliminate Heather's otherwise lawful trailer from the property constitutes retaliation arising directly from the Argersingers' successful federal challenge involving that trailer.

360.    Defendants' conduct also fails to constitute enforcement through constitutionally recognized procedures as required by Paragraph 16.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

361.    Defendants' threatened entry further implicates Paragraphs 11 and 12, which prohibit warrantless or permissionless enforcement entries onto the property.

362.    The state order against Betty is not a judicial warrant directed to Heather's land and personal property based on a present violation by Heather.

363.    Droscha and Walter participated in, authorized, approved, facilitated, ratified, or knowingly acquiesced in conduct violating or threatening to violate Paragraph 16.

364.    Kenny-Hinojosa adopted, continued, implemented, or threatens to implement that conduct.

365.    Defendants' threatened actions therefore violate or present an imminent violation of the Consent Judgment.

366.    This Court retained jurisdiction to enforce the judgment and resolve disputes arising under it.

367.    Heather is entitled to an order enforcing Paragraph 16 and enjoining Defendants from retaliating against her.

368.    Heather is entitled to an order preventing Defendants from entering the property or seizing the trailer pursuant to the challenged removal provision.

369.    Heather is entitled to recover reasonable attorney fees and costs incurred in enforcing the Consent Judgment to the extent authorized by the judgment, 42 U.S.C. § 1988, Federal Rule of Civil Procedure 71, the Court's enforcement authority, and other applicable law.

## COUNT VII
## DECLARATORY JUDGMENT
## 28 U.S.C. §§ 2201–2202

370.    This Count incorporates the preceding paragraphs alleged herein.

371.    An actual and immediate controversy exists concerning whether Defendants may enter Heather's property and seize her trailer.

372.    Defendants claim or threaten authority to do so after expiration of the thirty-day period.

373.    Heather contends that such conduct would violate the First, Fourth, and Fourteenth Amendments and the Consent Judgment.

374.    Heather does not seek a declaration that Betty was entitled to use the trailer as a dwelling.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

375. Heather does not seek appellate review of the historical finding that the trailer was previously used as a dwelling.

376. Heather seeks a declaration concerning her own present and future rights as the current owner of the land and trailer.

377. Specifically, Heather seeks declarations that:

a. the prior municipal-infraction judgment against Betty does not adjudicate that Heather's current nonresidential storage of the trailer violates an ordinance;

b. Defendants may not retaliate against Heather because of the Argersingers' federal action;

c. Defendants may not enter Heather's property and seize her trailer without constitutionally adequate process and Fourth Amendment authorization;

d. Defendants may not enforce against Heather a categorical trailer-removal restriction unsupported by an ordinance;

e. Heather is a protected successor entitled to enforce Paragraph 16 of the Consent Judgment; and

f. Defendants' threatened entry and seizure violate the Consent Judgment.

378. Declaratory relief will resolve the parties' concrete dispute and prevent imminent constitutional injury.

## JURY DEMAND

379. Plaintiff Heather Crusenza demands a jury trial on all issues triable by jury.

## RELIEF REQUESTED

380. WHEREFORE, Plaintiff Heather Crusenza respectfully requests that this Court:

g. Assume jurisdiction over this action and relate it to *Argersinger v. Township of Aurelius*, Case No. 1:25-cv-879;

h. Enter a temporary restraining order prohibiting Defendants and their officers, employees, agents, attorneys, contractors, towing companies, and persons acting in concert with them from entering the West Columbia Road property or seizing, towing, removing, damaging, relocating, or interfering with Heather's trailer during the pendency of this action;

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

i.  Enter a preliminary injunction providing the same relief pending final judgment;

j.  Enter a permanent injunction prohibiting Defendants from entering Heather's property or seizing the trailer based solely on the prior municipal-infraction judgment against Betty and absent a constitutionally valid warrant, consent, recognized exception, legally cognizable present violation, and constitutionally sufficient process directed to Heather;

k.  Enforce Paragraph 16 of the Consent Judgment and prohibit Defendants from retaliating against Heather because of the Argersingers' federal civil-rights action;

l.  Declare that Heather is a protected successor entitled to enforce Paragraph 16 as though she were a plaintiff in the prior federal action;

m.  Declare that the municipal-infraction judgment against Betty did not adjudicate that Heather's current lawful storage of the trailer violates a Township ordinance;

n.  Declare that Defendants' threatened entry and seizure would violate the First, Fourth, and Fourteenth Amendments;

o.  Declare that Defendants' threatened conduct violates the Consent Judgment;

p.  Award Heather nominal damages;

q.  Award Heather compensatory damages in an amount determined;

r.  Award punitive damages against Droscha, Walter, and Kenny-Hinojosa in their personal capacities;

s.  Award reasonable attorney fees, litigation expenses, and costs under 42 U.S.C. § 1988, the Consent Judgment, Federal Rule of Civil Procedure 71, and other applicable authority;

t.  Retain jurisdiction to enforce all declaratory and injunctive relief entered in this action; and

u.  Grant all further legal and equitable relief that the Court deems just and appropriate.

RESPECTFULLY SUBMITTED:

OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Date: August 3, 2026

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

31